Filed 7/29/22 P. v. Mena CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094538 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE014986) |
| v. | |
| BENJAMIN ANTHONY MENA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Benjamin Mena has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) We requested supplemental briefing on the applicability of Assembly Bill No. 124 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 695, § 5) (Assembly Bill 124). Having reviewed the supplemental briefing and the record as required by *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

1

### FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.) The description of the facts is based on the factual basis for the plea.

On March 25, 2021, defendant pleaded no contest to charges stemming from case Nos. 18FE014986 and 20FE011127, in exchange for a negotiated aggregate sentence of five years eight months, which included a stipulated midterm sentence. Case No. 18FE014986 is the subject of the instant appeal.

In case No. 18FE014986, defendant was charged with multiple offenses pertaining to his actions on August 4, 2018. On that day, officers were stopped behind defendant's car when defendant abruptly accelerated. Officers activated lights and siren and pursued him. Defendant drove erratically, disregarded at least one red stop light, and eventually crashed his vehicle into an apartment building occupied by multiple people. He injured a four-year-old child, requiring her to receive stitches to her face. Defendant fled on foot, but officers detained him. He pleaded no contest to evading the police in violation of Vehicle Code section 2800.2, subdivision (a) (count 1) and resisting, delaying, or obstructing law enforcement in violation of Penal Code section 148, subdivision (a)(1) (count 11) (undesignated statutory section references that follow are to the Penal Code). He also admitted the allegation, as to count 1, that he personally inflicted great bodily injury upon another person pursuant to section 12022.7, subdivision (a).

In case No. 20FE011127, defendant pleaded no contest to evading the police in violation of Vehicle Code section 2800.2.

On June 2, 2021, the trial court sentenced defendant consistent with the stipulated sentence of five years eight months in prison: an agreed-upon middle term of two years as to count 1 and three years consecutive for the great bodily injury enhancement. The trial court also sentenced defendant to the stipulated consecutive term of eight months in case No. 20FE011127.

Defendant filed a notice of appeal but failed to obtain a certificate of probable cause. (§ 1237.5.)

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. As noted, upon our request, the parties submitted briefing on the extent to which Assembly Bill 124 impacts this matter.

Having undertaken an examination of the supplemental briefs and the entire record pursuant to *People v. Wende*, we find no arguable errors favorable to defendant, and accordingly, we will affirm the judgment.

At the time defendant was sentenced, section 1170, subdivision (b) gave the trial courts broad discretion to decide which of the three terms specified for an offense would best serve the interests of justice. (See § 1170, subd. (b), as amended by Stats. 2020, ch. 29, § 14.) Effective January 1, 2022, Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) incorporated language proposed in Assembly Bill 124 to amend section 1170, subdivision (b), in part, to make the low term of imprisonment the preferred sentence when "[t]he person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (Senate Bill 567, § (3)(c); § 1170, subds. (b)(6), (b)(6)(B); Stats. 2021, ch. 731, § 1.3.) Under those circumstances, a trial "court shall order imposition of the lower term" when the person's youth was a contributing factor in the commission of the offense, "unless the court finds that the

3

aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

The parties agree that the Senate Bill 567 amendments apply retroactively to this case as "an ameliorative change in the law applicable to all nonfinal convictions on appeal. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308 [].)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) They disagree, however, as to whether defendant is entitled to any relief.

Defendant maintains he "is entitled to the presumption that he be sentenced to the lower term" and that we should remand the matter "so that the trial court can apply the newly amended Penal Code section 1170." In the People's view, the amendment to section 1170 does not apply because defendant specifically stipulated to the sentence in his negotiated plea agreement and the trial court simply imposed sentence in accordance with the agreement. We agree with the People.

The plain language of the amendatory language in section 1170 relates to the discretion involved when the court fashions and imposes a sentence and not the parties' ability to negotiate a stipulated term. (See § 1170, subd. (b)(6) [stating the court shall impose the lower term unless the court finds the interests of justice demand otherwise]; see also § 1170, subd. (b)(2) [discussing the court's ability to exercise its discretion to exceed the middle term in imposing a sentence].) Here, because the plea agreement included a stipulated sentence that included an agreed-upon middle term, the trial court was never called upon to exercise any discretion in fashioning a sentence. Nor could it do so.

A negotiated plea is a contract. (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) " ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' " (*People v. Segura* (2008) 44 Cal.4th 921, 930-931.) The trial court may decide not to approve the terms of

4

a plea agreement negotiated by the parties if it does not believe the agreed-upon disposition is fair, but it cannot change that bargain or agreement without the consent of both parties. (*Id.* at p. 931.) If the court accepts the plea, "the court may not proceed as to the plea other than as specified in the plea." (§ 1192.5, subd. (b).)

In the instant case, the trial court followed the rules applicable to negotiated pleas and conducted no analysis of aggravating and mitigating circumstances. The parties discussed presentence credits, then the court noted the sentence was stipulated before sentencing defendant consistent with the agreed-upon terms of the sentence. Because under these circumstances the trial court could not both accept the plea agreement and make a discretionary sentencing choice under section 1170, subdivision (b), Senate Bill 567's amendment of section 1170 is inapplicable to this case.

Several courts have considered an analogous situation in cases arising under section 1170.91, which mandates consideration of trauma resulting from military service as a mitigating factor when a court exercises discretion in imposing a determinate sentence from the triad pursuant to section 1170, subdivision (b). (See, e.g., *People v. Pixley* (2022) 75 Cal.App.5th 1002; *People v. Brooks* (2020) 58 Cal.App.5th 1099; *People v. King* (2020) 52 Cal.App.5th 783.) In those cases, petitioners sought resentencing on matters previously resolved through plea agreements with stipulated sentences of a fixed number of years. The courts denied relief on the same basis applicable here: when a court accepts a plea agreement specifying a particular sentence and sentences a defendant in accordance with that agreement, the trial court cannot impose a different sentence; it may not consider factors in mitigation and aggravation; and it exercises no discretion to decide between an upper, middle, and lower term. (*Brooks*, at pp. 1108-1109, quoting *King*, at p. 791; *Pixley*, at pp. 1005-1006.) Because we conclude that the amendments to section 1170, subdivision (b) do not apply to a negotiated plea with a stipulated sentence, we need not address whether the remedy in *People v. Stamps* (2020) 9 Cal.5th 685 is appropriate.

5

For the first time in his supplemental reply, defendant argues that we should remand the matter because the record does not show that the prosecutor considered defendant's youth in mitigation when entering plea negotiations. Defendant notes that Assembly Bill 124 added section 1016.7, which requires a prosecutor negotiating a plea agreement to consider in mitigation a defendant's youth when it was a contributing factor to the commission of the offense. This argument fails for two reasons. First, defendant has forfeited this argument by not asserting it in the opening supplemental brief. We will not ordinarily consider issues raised for the first time in a reply brief. (*People v. Caceres* (2019) 39 Cal.App.5th 917, 923 [issues not raised in opening brief are waived].) Defendant's failure to obtain a certificate of probable cause also precludes review of this issue. (See § 1192.6; *People v. Gonzales* (1986) 188 Cal.App.3d 586 [defendant lacks standing to challenge prosecutor's compliance with plea bargaining statutes without first obtaining a certificate of probable cause pursuant to section 1237.5].)

Moreover, even if not forfeited, we would reject the argument. As defendant acknowledges, the record is silent as to the prosecution's consideration of defendant's age in mitigation during plea negotiations. Although defendant argues that this silence supports remanding the matter, section 1016.7 does not require the prosecutor to verify on the record that he considered defendant's youth in mitigation.

We find no arguable error that would result in a disposition more favorable to defendant and we affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

DUARTE, J.